IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01961–REB–KMT

ENERGY INTELLIGENCE GROUP, INC., and
ENERGY INTELLIGENCE GROUP (UK) LIMITED,

    Plaintiffs,

v.

WELLS FARGO SECURITIES, LLC, f/k/a WACHOVIA CAPITAL MARKETS, LLC,

    Defendant.

## ORDER

    This matter is before the court on "Plaintiffs' Motion for Entry of a Protective Order" [Doc. No. 30] filed December 30, 2011 ("Mot.") and "Defendant's Response to Plaintiffs' Motion for Entry of Protective Order" [Doc. No. 36] filed January 17, 2012 ("Resp."). Both sides attached proposed Protective Orders for the court's consideration.

    The parties disagree about only one provision of the proposed Protective Order concerning the disclosure to one another of sensitive and confidential material. In paragraph 4 of the Protective Order which begins "4. Confidential Information shall not be disclosed or used for any purpose except the preparation and trial of this case (and any appeals thereof) . . . ." Plaintiffs wish to add an exception which reads

> with the exception that nothing herein shall prohibit either party from using any
> information learned in this proceeding, including from any Confidential

> Information, to serve as the basis for the necessary information and belief to
> commence subsequent litigation proceedings.

Mot. at 2.  Defendants, on the other hand, wish to end paragraph four after "(and any appeals thereof)."

Plaintiffs maintain that if discovery provides evidence that Defendant has distributed Plaintiffs' publications to third parties, they will be precluded from using that information to bring infringement actions against such third parties, if any.  Id.  Plaintiffs state they "do not seek to use any documents produced in this lawsuit in future lawsuits, they only seek to use information learned from the documents to form the necessary information and belief to bring subsequent suits, if any."  Id.

The parties do not dispute the need for a Protective Order and the fact that confidential material is and will be discoverable.  In fact, the parties are apparently disclosing such information currently under an agreement that all documents are "attorneys' eyes only" until the disputed issue regarding the protective order is resolved by the court. (Mot. at 3.)

The scope of discovery in a civil action is governed by Rule 26(b)(1), which provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b)(1).  Note 2 of the Advisory Committee's Notes to the 2000 amendments to that Rule makes it clear that the scope of discovery is restrictive, and that "fishing expeditions" for new claims are no longer permitted.

> The Committee intends that the parties and the court focus on the actual claims
> and defenses involved in the action.
> . . . .

2

> The rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings.

2000 Advisory Committee's Notes to Fed. R. Civ. P. 26 (emphasis added). The court understands the Plaintiffs argument to be speculative; e.g., if in the normal and regular course of obtaining discoverable information in this case, the Plaintiffs become aware of instances of third party infringement, they wish to be able to use this information as part of the foundation to bring a lawsuit against such third party, even if the information originally received from Defendant is "confidential."

Both forms of submitted Protective Order have a provision for contesting the designation of a document or other evidence as "confidential" and subject to the provisions in the Protective Order. (Mot., Ex. A at ¶ 8; Resp., Ex. A at ¶ 8.) Paragraph 8 of the Protective Orders provides a mechanism whereby a party can gain an exemption from an initial designation of "confidential" either by mutual agreement or through court proceedings. Since the Plaintiffs do not know whether any confidential information received from Defendant actually will give rise to an infringement claim against third parties, the court sees paragraph 8 to be a more suitable vehicle to protect the interests of both parties and allow the production of confidential material to proceed. Therefore, the court will disallow the modification of paragraph four as proposed by the plaintiffs and instead modify paragraph 8 of the Protective Order as follows:

> 8. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. Further, a party may request that information otherwise considered to be

confidential be distributed or disclosed under certain specified conditions. If the parties cannot resolve the objection or the request to disseminate identified information within ten (10) business days after the time the notice or request is received, it shall be the obligation of the party designating the information as Confidential Information to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential Information not to be disseminated outside terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential Information and shall not thereafter be treated as Confidential Information in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information.

Additionally, of course, the provisions of paragraph 5(h) of the Protective Order as agreed to by both parties could likewise be invoked to the extent the parties concur on specific disclosures.

The Protective Order, as modified herein, complies with the standards set forth in *Gillard v. Boulder Valley Sch. Dist. Re-2*, 196 F.R.D. 382 (D. Colo. 2000) and therefore will be the order of the court.

It is **ORDERED**

"Plaintiffs' Motion for Entry of a Protective Order" [Doc. No. 30] is GRANTED in part and DENIED in part consistent with this Order. A Protective Order as described herein will be entered on the record.

Dated this 3d day of February, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge