IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01961–REB–KMT

ENERGY INTELLIGENCE GROUP, INC., and
ENERGY INTELLIGENCE GROUP (UK) LIMITED,

    Plaintiffs,

v.

WELLS FARGO SECURITIES, LLC, f/k/a WACHOVIA CAPITAL MARKETS, LLC,

    Defendant.

___

**PROTECTIVE ORDER**
___

Upon a showing of good cause in support of the entry of a Protective Order to protect confidential information in this case, IT IS ORDERED:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure deemed to be "Confidential Information" as that term is defined herein.

2.    As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. "Confidential Information" shall mean non-public documents or materials that the producing party deems in good faith to comprise or contain information constituting or relating to trade secrets or to confidential and proprietary information the disclosure of which would implicate common law or statutory privacy interests or result in competitive or other business injury to the disclosing party, such as, without limitation, confidential business information (including, for example, business plans, business strategies, business methods, business records, negotiations, and agreements), financial information (including, for example, budgeting, accounting, and sales and expenditures figures), business relationship information (including, for example, information pertaining to potential and/or existing customers, competitors, suppliers, and distributors), and personnel information (including, for example, compensation, evaluations and other employment information).

4. Confidential Information shall not be disclosed or used for any purpose other than the preparation and trial of this case (and any appeals thereof) with the exception that nothing herein shall prohibit either party from using any information learned in this proceeding, including from any Confidential information, to serve as the basis for the necessary information and belief to commence subsequent litigation proceedings.

5. Confidential Information shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a) Outside and in-house counsel for the parties;

(b) persons regularly employed or associated with outside and in-house counsel for the parties actively working on the case whose assistance is required by said counsel in the preparation for trial, at trial, or at other proceedings in this case;

(c) directors, officers, employees or other representatives of a party to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees;

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) authors or drafters, addressees, and those who received the documents or information prior to the commencement of this action, or during this action if obtained independently and not in violation of this Protective Order; and

(h) other persons by written agreement of the parties.

6.    Prior to disclosing any Confidential Information to any person listed above under paragraphs 5(c), (d), and (h), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written declaration in the form attached hereto as Exhibit A stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All

such declarations shall be retained by counsel and shall be subject to in camera review by the Court upon a showing of good cause.

  7.  Where Confidential Information is produced, provided, or otherwise disclosed by a party, it shall be designated in the following manner:

    (a) By imprinting the word "Confidential" on the first page or cover of any document produced;

    (b) By imprinting the word "Confidential" next to or above any response to a discovery request; and

    (c) With respect to transcribed testimony, by giving notice of such designation during the testimony whenever possible, but a party may designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

  8.  A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. Further, a party may request that information otherwise considered to be confidential be distributed or disclosed under certain specified conditions. If the parties cannot resolve the objection or the request to disseminate identified information within ten (10) business days after the time the notice or request is received, it shall be the obligation of the party designating the information as Confidential Information to file an appropriate motion requesting that the Court determine whether the

disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential Information not to be disseminated outside terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential Information and shall not thereafter be treated as Confidential Information in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information.

9. If a designating party discloses any Confidential Information without designating or marking the Confidential Information as "Confidential," the designating party may subsequently inform the receiving parties of the confidential nature of the disclosed Confidential Information, and the receiving parties shall treat the disclosed Confidential Information as "Confidential" upon receipt of written notice from the designating party. Disclosure of such Confidential Information to persons not authorized to receive that material prior to receipt of the confidentiality designation shall not be deemed a violation of this Order. However, the receiving parties shall take the steps necessary to conform distribution to the "Confidential" designation, e.g., by retrieving all copies of the Confidential Information, or notes or extracts thereof, in the possession of the person not authorized under this Order to possess such Confidential Information and advising the person to whom disclosure was made that the material is Confidential Information and should be treated as provided in the Order.

10.	Counsel shall exert their best efforts to identify documents or material protected by the attorney-client privilege or the work-product doctrine prior to the disclosure of any such documents or material.  If, however, a party unintentionally discloses documents or material that is privileged or otherwise immune from discovery, the party shall, within five (5) business days upon discovery of the disclosure, so advise the receiving parties in writing, request the documents or material be returned, and attach a privilege log with an entry pertaining to the documents or material that is privileged or otherwise immune from discovery.  If that request is made and the privilege log provided, no party to this action shall thereafter assert that the disclosure waived any privilege or immunity.  It is further agreed that the receiving parties will return or destroy the inadvertently produced documents or material, and all copies and derivations, within five (5) business days of receipt of a written request for the return of the documents or material.

11.	If any party intends to file a pleading or other document with the Court which contains Confidential Information, that party must first follow the filing procedures set forth in D.C.COLO. L. Civ. R 7.2, and all other applicable rules and procedures to request that such Confidential Information be filed under seal.

12.	At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as Confidential shall be returned to the party that designated it Confidential, or the parties may elect to destroy Confidential documents. Where the parties agree to destroy Confidential documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

13. By agreeing to the entry of this Protective Order, the parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

SO ENTERED this 3d day of February, 2012.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge

# EXHIBIT A

# DECLARATION

_____, swears or affirms and states under penalty of perjury:

1. I have read the Protective Order in *Energy Intelligence Group, Inc., et al. v. Wells Fargo Securities, LLC*, Case No. 1:11-cv-01961-REB-KMT, a copy of which is attached to this Declaration.

2. I promise that I have not and will not divulge, or undertake to divulge, to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than for the civil action referenced above.

3. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the Court in the civil action referenced above.

4. I will abide by the terms of the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on (date): _____

Signature  _____

Print or Type Name  _____

Address  _____

Telephone  _____