IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01961–REB–KMT

ENERGY INTELLIGENCE GROUP, INC., and
ENERGY INTELLIGENCE GROUP (UK) LIMITED,

    Plaintiffs,

v.

WELLS FARGO SECURITIES, LLC, f/k/a WACHOVIA CAPITAL MARKETS, LLC,

    Defendant.

## ORDER

This matter is before the court on "Plaintiffs' Motion to File An Amended Complaint." (Doc. No. 34 [Mot.], filed January 17, 2012.) Defendant filed its response on February 10, 2012. (Doc. No. 43 [Resp.].) Plaintiffs filed their reply on March 1, 2012. (Doc. No. 45 [Reply].) The motion is ripe for ruling.

Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave [to amend the pleadings] when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the

> merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

This lawsuit stems from a phone call that a Wells Fargo employee made to Plaintiffs seeking information concerning the scope of permissible uses of *Oil Daily* under Wells Fargo's subscription agreement. (*See* Doc. 1, ¶ 29.) In response to Wells Fargo's inquiry, Plaintiffs filed this lawsuit alleging a single claim of "Copyright Infringement of the June 7, 2011 [Oil Daily] Copyrighted Work." (*See id.* at 9, ¶¶ 43–46.) Plaintiffs now seek to add factual allegations and claims to its Complaint. (*See* Mot., ¶ 4.) Specifically, Plaintiffs seek to assert claims alleging Defendant infringed more than 300 works during a period of over ten years. (*See generally* Doc. No. 34-1.)

Defendant first argues that Plaintiffs' Motion should be denied because of undue delay. However, this court granted an unopposed extension of time to January 13, 2012, for the parties to join parties and amend pleadings. (Doc. No. 29.) Plaintiffs filed an Amended Complaint on January 13, 2012 (Doc. No. 32), and the Clerk advised Plaintiffs' counsel on January 17, 2012, that Plaintiffs would need to file a motion to amend their complaint and attach the proposed amended complaint. Thus, the court finds the Motion, though filed one business day past the

deadline set by this court for amending pleadings, is timely.  Moreover, Plaintiffs advised Defendant at the Scheduling Conference that they intended to amend their complaint, and Plaintiffs moved to amend their complaint only three months after the Scheduling Conference.

Additionally, Plaintiffs argue, and the court agrees, that any delay that occurred in Plaintiffs' ability to amend its complaint earlier was caused by the Defendant.  In fact, at the Scheduling Conference, this court encouraged the parties to serve discovery within a week from the Scheduling Conference and to provide responses to discovery requests within thirty days.  (Resp., Ex. A at 13:12–16, 18–12.)  Defendant did not serve its discovery on Plaintiffs until December 21, 2011.  (*See* Reply, Riley Dec., ¶¶ 3, 5; Exs. A and B.)  Defendant did not provide its documents in response to Plaintiffs' requests for production of documents until December 8, 2011, only six days before the original deadline to amend the pleadings.  (*See* Resp., Ex. C.)  Plaintiffs requested supplementation of the documents (*see* Reply, Riley Dec., ¶ 6; Ex. C), but Defendant did not provide supplemental responses until February 21 and 27, 2012 (*see id.*, ¶¶ 7–8; Exs. D–E).

Defendant also argues that Plaintiffs' Motion should be denied under Rule 15(a)(2) because it would cause undue prejudice.  Undue prejudice is the "most important" factor in deciding a motion to amend the pleadings.  *Minter v. Prime Equip.*, 451 F.3d 1196, 1208 (10th Cir. 2006).  Courts typically find prejudice only when the amendment unfairly affects non-movants "in terms of preparing their defense to the amendment."  *Id.* (citing *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971) (finding that there was no prejudice because the amendment was authorized several months prior to trial)).  This occurs most often "when the

amended claims arise out of subject matter different from what was set forth in the complaint and raise significant new factual issues." *Minter*, 452 F.3d at 1208.

The court finds Plaintiffs' amendments do not create undue prejudice. Defendant has been aware since at least the Scheduling Conference that the plaintiffs would seek to amend their complaint if Defendant's discovery revealed additional instances of infringement over and above the single incident of infringement alleged in the original complaint. (*See* Resp., Ex. A at 8:11–25, 9:1–6.) Plaintiffs served their first discovery request on October 13, 2011, the day the Scheduling Conference was held, but Defendant did not provide responsive documents until December 8, 2011 (*see* Resp., Ex. C), and provided supplemental documents on February 21 and 27, 2012 (*see id.*, ¶¶ 7–8; Exs. D–E). Moreover, the subject matter of the new allegations and claims—that Defendant has been regularly and systematically copying, transmitting, and distributing copies of Plaintiffs' publications—is not different from the subject matter set forth in the original complaint. Additionally, there still is substantial time before trial in September 2012. Defendant will therefore have "adequate notice" of the factual allegations and "ample opportunity to respond," militating against finding prejudice. *See Bylin v. Billings*, 568 F.3d 1224, 1230 (10th Cir. 2009).

Having addressed Defendant's arguments, and also finding no bad faith or dilatory motive by Plaintiffs, no failure to cure deficiencies by amendments previously allowed, and no futility of amendment, the court finds Plaintiffs' Motion should be granted.

Therefore, it is

ORDERED that "Plaintiffs' Motion to File An Amended Complaint." (Doc. No. 34) is GRANTED. The Clerk shall file Plaintiffs' "First Amended Complaint and Jury Demand (Copyright Infringement)" (Doc. No. 34-1).

Dated this 15th day of March, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge